IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marcus Tyler Walters, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Progressive Insurance Co., Mark ) <br> S. Jolund, Joshua Cape, City of ) <br> Spartanburg, ) <br> ) <br> Defendants. ) <br> _____ ) | Civil Action No. 7:25-cv-440-BHH <br><br> **<u>ORDER</u>** |

This matter is before the Court upon Plaintiff Marcus Tyler Walter's ("Plaintiff") pro se complaint against the above-named Defendants. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

On January 31, 2025, the Magistrate Judge issued an order upon screening Plaintiff's complaint, giving Plaintiff the opportunity to provide the necessary information to bring his case into proper form for evaluation and possible service of process. (ECF No. 6.) The Magistrate Judge explained that Plaintiff's complaint may be subject to dismissal if he failed to provide the necessary information, and the Magistrate Judge also advised Plaintiff of his duty to keep the Court informed as to his current address. On February 18, 2025, the Magistrate Judge's proper form order was returned as undeliverable and unable to forward. (ECF No. 9.)

Accordingly, on February 26, 2025, the Magistrate Judge issued a report and recommendation ("Report"), outlining the issues and recommending that the Court summarily dismiss Plaintiff's complaint as frivolous. (ECF No. 12.) Attached to the

Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, no objections to the Report have been filed, and the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge's analysis. **Accordingly, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 12), and the Court dismisses this matter as frivolous, with prejudice, without leave to amend, and without issuance and service of process.**

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

March 17, 2025
Charleston, South Carolina